UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

MICHAEL MARR,

        Plaintiff,

vs.                                          CIVIL NO:4:07-CV-10931

CITY OF DETROIT, ET. AL.,                DISTRICT JUDGE PAUL V. GADOLA
                                                        MAGISTRATE JUDGE STEVEN D. PEPE

        Defendants.
_____/

### Order Regarding Plaintiff's Motion to Compel an Answer to Interrogatories and Disclosure (Dkt. # 26)

On March 5, 2007, Plaintiff filed a complaint alleging that Defendants violated his rights after taking him into custody on March 27, 2004, at 5 A.M. (Dkt. # 1, p. 4). While in custody, Plaintiff was taken to Detroit Receiving Hospital to treat his heroin withdrawal symptoms. *Id.* After treatment, Plaintiff was returned to police custody and remained there until 1:30 P.M. on March 29, 2004 (Dkt. # 1, p. 5). While in custody, Plaintiff complained about his heroin withdrawal symptoms. *Id.* Plaintiff alleges three causes of action: (1) unlawful detention for 56 ½ hours in violation of this 4th and 14th Amendment rights; (2) conspiracy to deny Plaintiff his constitutional rights; and (3) deliberate indifference to Plaintiff's medical needs (Dkt. # 1, p. 5 & 6).

On May 11, 2007, Defendants' filed a motion for order granting leave to take deposition (Dkt. # 11). This motion was granted on May 17, 2007 (Dkt. # 12). On November 9, 2007, Plaintiff filed a motion to compel an Answer and Disclosure pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) (Dkt. # 26). With this motion, Plaintiff submitted a mailing receipt, dated June 5, 2007, and addressed to Defendants' counsel (Dkt. # 26, Ex. A). This receipt indicates

that prison Mail Room Staff placed this letter in the mail on June 5, 2007. Further, the form is date stamped "Jun 07 2007" apparently indicating that payment for the mailing was deducted from Plaintiff's prison account at that time (Dkt. # 26, Ex. A, p. 4). Plaintiff states that this letter included his first set of interrogatories and request for documents. Plaintiff received no response from Defendants.

Further, Plaintiff in a November 6, 2007 affidavit states that on July 8, 2007, Plaintiff was deposed by Defendants' counsel, John A. Schapka (Dkt. # 26, Ex. B, p. 2). Plaintiff states that at this deposition he spoke with Defendants' counsel about Plaintiff's discovery requests and was told that answers would be forwarded shortly. *Id.*

On October 11, 2007, Plaintiff again wrote to Defendants' counsel regarding discovery, and as of filing this motion, Plaintiff had received no reply (Dkt. # 26, Ex. C). In addition to this October 11, 2007, letter, Plaintiff submitted a mailing receipt, for "expedited legal mail" which noted that the mailing was for "discovery." The mailing form is not dated, but it is signed and date stamped "Oct 15 2007," apparently indicating that payment for the mailing was deducted from Plaintiff's prison account at that time (Dkt. # 26, Ex. C, p. 2).

Plaintiff filed this motion to compel Answer and Disclosure on November 9, 2007. On November 16, 2007, notice to respond to Plaintiff's motion (Dkt. # 26) was filed (Dkt. # 27). Having not responded to this motion (Dkt. # 26), the time for response has expired and any of Defendants' objections are deemed to have been waived. *See* E.D. Mich. Local Rules 7.1. On September 19, 2007, the undersigned issued a scheduling order stating that dispositive motion cut-off is January 22, 2008, and discovery must be completed by December 19, 2007 (Dkt. # 23).

Federal Rule of Civil Procedure 33(a) provides that "without leave of court or written

2

stipulation" a party may serve upon another party "written interrogatories, not exceeding 25 in number including all discrete subparts." Fed. R. Civ. P. 33(a). Rule 33 also states that "the party upon whom the interrogatories have been served shall serve a copy of the answers and objections if any, within 30 days after the service of the interrogatories." Fed. R. Civ. P. 33(b)(3).

Similarly, Federal Rule of Civil Procedure 34 addresses the production of documents requiring that a "party upon whom the request is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b).

This Circuit follows the "mailbox" rule holding that an inmate's letter is effectively mailed when the letter is given to prison officials and not when it is received by the addressee. *See Scott v. Evans,* 116 Fed. Appx. 699 (6th Cir. 2004). As such, Plaintiff's letters are deemed to have been mailed on June 6, 2005 and, at the latest, on October 15, 2007.[1] Per Fed. R. Civ. P. 6(a), Defendants responses were due 30 days after mailing, and were due on July 6, 2007 and November 14, 2007, respectively. Fed. R. Civ. P. 6(a).

Regarding motions to compel discovery, Local Rule 37.1 states that

> with respect to all motions to compel discovery, counsel for each of the parties or a party without counsel shall confer in advance of the hearing in a good faith effort to narrow the areas of disagreement. The conference shall be held a sufficient time in advance of the hearing so as to enable the parties to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the movant or a party without counsel to arrange for the conference.

Local Rule 37.1.

---

[1] While likely, it is unclear that Plaintiff's letter was received by prison staff on October 11, 2007. It is clear, that the letter had been in control of prison mail staff by October 15, 2007, the day when accounting processed the billing statement.

Local Rule 7.1 also provides:

> (1) The movant must ascertain whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1), will be opposed. If the movant obtains concurrence, the parties may make the subject matter of the contemplated motion or request a matter of record by stipulated order.
>
> (2) If concurrence is not obtained, the motion or request must state:
>
> (A) there was a conference between attorneys or unrepresented parties in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or
>
> (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.
>
> (3) The court may tax costs for unreasonable withholding of consent.

The parties have not met, but given the difficulty in conducting such meetings with inmates this meet and confer requirement is waived. Defendants have been able to depose Plaintiff, yet they have not reciprocated in aiding Plaintiff's discovery by replying to Plaintiff's interrogatories and request for documents even though they have had ample time to do so. Therefore **IT IS ORDERED** that:

Defendants shall respond to Plaintiff's discovery request on or before Friday, February 15, 2008.

DATED: January 23, 2008  
Ann Arbor, MI

s/ Steven D. Pepe  
STEVEN D. PEPE  
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 23, 2008

                                 s/ Alissa Greer
                                 Alissa Greer
                                 Courtroom Deputy Clerk
                                 United States District Court