UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR,
        Plaintiff,
vs.                                            CIVIL NO:4:07-CV-10931

**CITY OF DETROIT,**
**THE DETROIT POLICE DEPARTMENT FOURTH PRECINCT,**
INVESTIGATOR **MICHAEL JACKSON**,
INVESTIGATOR **DIANA BROADNAX**,
LIEUTENANT MICHAEL HINTON        DISTRICT JUDGE PAUL V. GADOLA
POLICE OFFICER **DAVID RIOS**,        MAGISTRATE JUDGE STEVEN D. PEPE
POLICE OFFICER **MICHAEL REIZEN**,
POLICE OFFICER **DANNY BARBEE**,
AND POLICE OFFICER **NICHELL MARBLE**,
IN THEIR INDIVIDUAL CAPACITIES,
        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCLOSURE BY DEFENDANTS OF REQUESTS
FOR ADMISSIONS, PRODUCTION OF DOCUMENTS AND INTERROGATORIES (DKTS. # 50,51 AND 52)
AND ORDER DENYING PLAINTIFF'S MOTION TO HOLD DEFENDANTS MOTION FOR SUMMARY
JUDGMENT IN ABEYANCE FOR PURPOSE OF PROCURING ADDITIONAL DISCOVERY (DKT. #56)

    This is a pro se prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff is currently incarcerated in Michigan Department of Corrections ("MDOC"). In his Complaint, Plaintiff alleges that Defendants unlawfully delayed his arraignment for more than 48 hours after his March 27, 2004 arrest and Defendants unlawfully denied him medical care and treatment while in their custody.

    On January 2, 2008, Plaintiff filed a motion to modify scheduling order and a motion to compel answers on Plaintiff's first set of interrogatories and document request (Dkt. #30 and #31). This Court granted Plaintiff's motion and extended discovery from February 15, 2008 to May 1, 2008, ordering Defendants to respond to Plaintiff's discovery request (Dkt. #37). Because Defendants failed to respond to the discovery requests by May 1, 2008, a telephonic

hearing was held on Plaintiff's motion to compel (Dkt. #31) on June 23, 2008 in which both parties appeared. Plaintiff's motion was granted and the following was ordered :

> 1. Within 10 days of the order for the City of Detroit to produce to Plaintiff, or provide a declaration under 28 U.S.C. 1746 that such documents after reasonable search cannot be found to exist, the following documents as they relate to the March 2004 arrest and detention of Plaintiff:
>
>> a.. Form UF 001 –  Review of Arrest Form;
>> b. Form 651 – Detention Intake Form;
>> c.  Form 659 – Platoon Daily Detainee Summary Log;
>> d.. Form 660 –  Medical Care Referral Form;
>> e.  Form 661 A –  Mental Health High Risk Monitoring Log;
>> f.  Form 644 – Treatment & Medical Disbursement form;
>> g. Form UF 008 – Privilege Restriction From.
>> h. Any documents prepared regarding Plaintiff related to:
>>> – Chapter 2, Sec. 3.4 on time of return from Detroit Receiving Hospital;
>>> – Section 34.7 notice of unconscious status to the officer in charge;
>>> – Sec. 6.1 Plaintiff's prescription medications.
>
> 2. Defense counsel to get a release signed by Plaintiff and subpoena Plaintiff's medical records from Detroit Receiving Hospital.
>
> 3. Within 10 days of the order Plaintiff was to submit Requests for Admissions under Fed. R. Civ. P. 36. Defense counsel was to notify the Court when the answers were submitted so a date for Plaintiff's supplemental response to Defendants' motion for summary judgment could be filed.

On July 2, 2008, Plaintiff filed objections to prevailing on his motion to District Judge Paul V. Gadola arguing that the order unfairly limited the scope of discovery (Dkt. #46). Judge Gadola overruled Plaintiff's objections because Plaintiff failed to establish that this Court's order was "clearly erroneous" or "contrary to law" as is required by 28 U.S.C. § 626(b)(1)(A). (Dkt. #47).

On July 23, 2008, Defendants notified the Court that they had complied with the order granting Plaintiff's motion to compel and provided the court with copies of the discovery documents served on the Plaintiff.

2

Defendants' response to Plaintiff's motion to compel included an explanation that the requested documents were damaged in a flood of raw sewage at the City of Detroit Police Department 4th Precinct Records Room. An affidavit and a copy of the representation report of this fact was also provided to the Plaintiff. Defendants provided to Plaintiff a cover letter to Plaintiff regarding HIPPA compliant medical records release from Detroit Receiving Hospital and Defendant City's response to Plaintiff's admission request.

Also served on Defendants was Plaintiff's Second Set of Interrogatories for Defendants Jackson and Hinton, requests that were beyond the scope of this Court's order. As such, Defendants objected.

On July 30, 2008, Plaintiff filed another motion to modify the scheduling order arguing that his early attempts at discovery have been thwarted (Dkt. #48), which was denied by this Court for three distinct reasons, 1.) Plaintiff provided no evidence or documentation that he either sought concurrence in his motion or requested and was denied information from opposing counsel as is required under Local Rule 7.1; 2.) Plaintiff failed to provide in his motion any set of facts that an additional 90 days of discovery would result in admissible evidence; and 3.) Plaintiff's motion was found to be a motion for reconsideration of Judge Gadola's prior ruling that discovery had not been unfairly limited by this Court to which Plaintiff failed to demonstrate that Judge Gadola's ruling was defective or that a different ruling would result in a different disposition of the case (Dkt. #49).

Plaintiff's current motions to compel disclosure by Defendants for requests for admissions, production of documents and interrogatories (Dkts. # 50, 51 and 52) is yet another request to expand the Court's order. Plaintiff's request to expand discovery has been denied

twice before, once by Judge Gadola and again by this Court affirming Judge Gadola's decision. Because Plaintiff has provided no new argument or reason to reconsider the Courts' prior decisions, the orders denying Plaintiff's motions to expand the scope of discovery are denied.

Plaintiff also filed a motion to hold Defendant's motion for summary judgment in abeyance until he procured all documentation from Detroit Receiving Hospital regarding his medical treatment. He argues that the records will demonstrate both that he was not incapacitated by the medication he received and therefore was able to participate in the judicial process and that during the relevant time he was unable to breathe because of Defendants failure to give him his medicine. Arguing in the alternative is nothing new to the legal system. But even if the medical records were to establish one of the above scenarios, Plaintiff fails to demonstrate how this would put an issue of material fact into contention. Presumably Plaintiff's first argument goes to the delay in arraignment in that the medication he received in no way incapacitated him. Plaintiff fails to address how even if the hospital records were to establish that he was stable at the time of his release, his condition at the time for the first possible arraignment would remain an open question. Furthermore, Plaintiff fails to address the issue of the parole hold. Plaintiff's arrest resulted in the revocation of his parole from which there issued a detention order which precluded his release irrespective of bail conditions at the arraignment. Hospital records would have no bearing on the issue of the parole hold.

As to Plaintiff's second argument, which presumably addresses the medical treatment claim, Plaintiff fails to demonstrate that the medical records would establish that he had a serious medical need and that Defendants, being aware of that need, acted with deliberate indifference as is required under *Wilson v. Seiter*, 501 U.S. 298, 300 (1991). Two of the Defendant Officers

4

recognized the necessity for a doctor's attention and transported him to the hospital. Thoaw rqo Defendants filled the prescription for him at the pharmacy. Other individuals provided him with two doses of the medication at the jail. Plaintiff's third request went unheeded resulting in Plaintiff feeling "very uncomfortable" for an extended period of time. There is no indication that this was the result of the acts or inaction of any of the named Defendants.

Plaintiff has failed to demonstrate that the hospital records would establish that the delay from the second dosage while he was incarcerated to the time he received care at the Wayne County Jail caused any serious or permanent physical damage or injury. Therefore, Plaintiff's request to hold Defendant's motion for summary judgment in abeyance is **DENIED.**

SO ORDERED.


DATED: August 27, 2008         s/ Steven D. Pepe
Ann Arbor, MI         STEVEN D. PEPE
       UNITED STATES MAGISTRATE JUDGE


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or first class mail on August 27, 2008

       s/Alissa Greer
       Case Manager

5